## CENTRAL NAT BANK OF CLEVELAND et KAMMER

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10190.  Decided November 18, 1929

Mr. D. J. Needham, Cleveland, for Bank.
Mr. Arthur Krause, Cleveland, for Kammer.

### SULLIVAN, J.

The issues arise from money judgment and foreclosure proceedings and the same situation applies to the first and second mortgage excepting as to the second mortgage a question arises as to the assumption of a mortgage indebtedness but there is no issue observable from the pleadings that raises the question of the validity of either one of the mortgages. If this issue arose in the case there would be some foundation for claiming that the case at bar is a chancery proceeding. We have authorities as bearing upon mechanics liens that in a suit for foreclosure where the validity of the liens is at issue that a chancery question arises. Authorities are cited to show that the cases are analogous. In the instant case, however, there is no question that pertains to the second mortgage that requires the court to review the question of validity. Neither is there any question that arises as to the priority of one mortgage over the other. There is no question as to the execution of the instrument of indebtedness or the mortgagees themselves. The consideration with respect to them, or any other issue that would bring the proceeding within the vale of chancery. The paramount and ultimate question is that of money. In other words, there is nothing at issue excepting a question of fact which has for its foundation the question of indebtedness.

The question as to the assumption of mortgage is also a question of fact because whether there was an assumption of such an indebtedness is determined by the evidence. To determine the question of assumption would be a review of a contract either oral or written, and this would be a question of fact properly to have been submitted to a jury and not to a court sitting in chancery.

We are aware of the decisions that even though a suit upon a note and foreclosure of a mortgage is purely a law case, where there is no question as to the validity of the mortgage which hold that even though a money judgment is sought yet if the final issue turns upon a chancery question that that is paramount and the element of money judgment becomes immaterial.

We do not find such a question involved in this case. It was a law case when it was commenced and it is a law case now, notwithstanding the question has arisen as to the second mortgagee as to whether there is an assumption of a mortgage indebtedness. That, as we have noted, is a question of fact.

Thus holding, our conclusion is that the cause is not one in chancery and therefore we have no jurisdiction upon appeal, and a decree may be entered accordingly.

Vickery, PJ., and Levine, J, concur.